IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

DARIUS PORTER,                    *
                                  *
        Plaintiff,                *
                                  *
        v.                        *        CV 123-135
                                  *
JOSHUA FREEMAN, DEPUTY            *
LAMBORN, DEPUTY J. GUAY,          *
DEPUTY MICHAEL GAY, DEPUTY        *
MARTIN, DEPUTY MICKEL, and        *
CPL. E TRIMMINGHAM,               *
                                  *
        Defendants.               *

---

## O R D E R

---

Before the Court is Defendants Joshua Freeman and Cpl. Eard Trimmingham's (collectively, the "Moving Defendants") motion to dismiss. (Doc. 5.) For the following reasons, the Moving Defendants' motion is **GRANTED**.

## I. BACKGROUND

On May 16, 2021, Plaintiff got into an altercation with another individual while leaving a bar. (Doc. 1, at 3.) Plaintiff called the police, and Defendants, who are police officers, arrived on the scene. (Id.) Plaintiff was irate when Defendants arrived, because Defendants allowed the other individual to leave the scene and because the altercation just ended, so Defendants placed him in handcuffs. (Id.) While Plaintiff was restrained, Defendant

Freeman walked up to Plaintiff, falsely accused Plaintiff of touching him, and struck Plaintiff in the face with his fist. (Id. at 3-4.) Thereafter, Defendants slammed Plaintiff to the ground and against a squad car. (Id. at 4.) Plaintiff sustained bodily injuries, including a chipped tooth, a laceration above his eye, and a laceration to the back of his head. (Id.)

Plaintiff filed this action on September 15, 2023, asserting four causes of action: (1) excessive force under 42 U.S.C. § 1983; (2) a claim alleging "Defendants violated Plaintiff['s] right to be free from abuse under the Georgia Constitution"; (3) excessive force and unreasonable seizure under the Georgia Constitution; and (4) state-law battery. (Id. at 2-6.) On November 10, 2023, the Moving Defendants filed a motion to dismiss, which Plaintiff opposes. (Docs. 5, 7.)

## II. MOVING DEFENDANTS' MOTION TO DISMISS

The Court first provides the legal standard applicable to the Moving Defendants' motion to dismiss then analyzes the motion's merits.

### A. Legal Standard

A defendant may raise a statute of limitations defense on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) if the complaint shows on its face the applicable limitations period has run. AVCO Corp. v. Precision Air Parts, Inc., 676 F.2d

494, 495 (11th Cir. 1982) (citations omitted). In considering a motion to dismiss under Rule 12(b)(6), the Court tests the legal sufficiency of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984). Pursuant to Federal Rule of Civil Procedure 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant fair notice of both the claim and the supporting grounds. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." Id. The Court must accept all well-pleaded facts in the complaint as true and construe all reasonable inferences therefrom in the light most favorable to the plaintiff. Garfield v. NDC Health Corp., 466 F.3d 1255, 1261 (11th Cir. 2006). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer

3

possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 557). A plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Furthermore, "the court may dismiss a complaint pursuant to [Rule] 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

## B. Analysis

Plaintiff's complaint includes a claim under 42 U.S.C. § 1983 alleging a violation of his rights under the United States Constitution, two claims alleging violations of his rights under the Georgia Constitution, and a state-law battery claim. (Doc. 1, at 2-6.) The Moving Defendants move to dismiss Plaintiff's claims against them because they are barred by the statute of limitations. (Doc. 5, at 2-3 (citations omitted).) Notably, the Parties do not dispute that each of Plaintiff's claims is subject to Georgia's two-year statute of limitations for personal injury actions found in O.C.G.A. § 9-3-33. (See Doc. 1, at 1-2; Doc. 5, at 3; Doc. 7); see also Gardei v. Conway, 868 S.E.2d 775, 780 (Ga. 2022).

4

The Moving Defendants argue it is apparent this action was filed more than two years after the cause of action accrued because the complaint provides Plaintiff's injuries occurred on May 16, 2021, and Plaintiff did not file this lawsuit until September 15, 2023. (Doc. 5, at 2-3; Doc. 1, at 1, 3.) The Court agrees, and Plaintiff does not challenge the Moving Defendants' motion on this ground. (See Doc. 7.) Because the Moving Defendants carried their burden of showing this lawsuit was filed outside the two-year limitations period provided in O.C.G.A. § 9-3-33, the burden shifts to Plaintiff to show the limitations period was tolled. See Toliver v. Dawson, 896 S.E.2d 714, 716 (Ga. Ct. App. 2023) (citation omitted).

Plaintiff argues the statute of limitations is tolled for two reasons. (Doc. 1, at 1-2; Doc. 7, at 1-5.) First, Plaintiff argues it was tolled by the Chief Justice of the Georgia Supreme Court's order declaring a statewide judicial emergency due to the COVID-19 pandemic and the subsequent orders extending the emergency. (Doc. 1, at 1-2.) Second, Plaintiff contends it was tolled under O.C.G.A. § 9-3-99. (Doc. 7, at 1-5.) The Court addresses these arguments in turn.

First, the Chief Justice of the Georgia Supreme Court's orders did not toll the statute of limitations. "When applying a forum state's statute of limitations to Section 1983 . . . cases, courts also apply that state's rules for tolling of the limitations

5

period." Barrett v. United Ins. Co. of Am., 418 F. Supp. 3d 1274, 1285 (S.D. Ga. 2019) (citations omitted). On March 14, 2020, the Chief Justice of the Georgia Supreme Court issued an order declaring a statewide judicial emergency due to the COVID-19 pandemic that tolled all statutes of limitations while the order was in effect. SUP. CT. OF GA., ORD. DECLARING STATEWIDE JUD. EMERGENCY, 1-2 (Mar. 14, 2020). Although the order was initially set to terminate on April 13, 2020, it was extended multiple times. Id. at 2; see, e.g., SUP. CT. OF GA., FIFTEENTH ORD. EXTENDING DECLARATION OF STATEWIDE JUD. EMERGENCY, 1 (June 7, 2021) (noting the original order declaring a statewide judicial emergency was extended a total of fourteen times). However, the Fourth Order Extending Declaration of Statewide Judicial Emergency specifically provided that, "[i]n cases filed on or after July 14, 2020, litigants shall comply with the normal deadlines applicable to the case." SUP. CT. OF GA., FOURTH ORD. EXTENDING DECLARATION OF STATEWIDE JUD. EMERGENCY (hereinafter "FOURTH ORD."), 3 (July 10, 2020). Plaintiff filed this action on September 15, 2023 — after the Chief Justice of the Georgia Supreme Court reimposed all deadlines on litigants on July 14, 2020. (See Doc. 1); FOURTH ORD., at 3. As a result, the Chief Justice of the Georgia Supreme Court's orders declaring and extending the judicial emergency caused by the COVID-19 pandemic do not apply here.

Second, the Court need not consider Plaintiff's argument that the statute of limitations is tolled under O.C.G.A. § 9-3-99

because it was not properly raised. In Georgia, "[a] motion to dismiss is properly granted when a complaint shows on its face that the statute of limitation has run and there is no further showing *by amendment or by affidavit* that a tolling of the statute is possible." Green v. Dep't of Corr., 879 S.E.2d 679, 681 (Ga. Ct. App. 2022) (emphasis added) (internal quotation marks and citation omitted). As explained above, the complaint shows the statute of limitations has run because it provides the causes of action accrued on May 16, 2021, but Plaintiff did not file suit until September 15, 2023. (Doc. 1, at 1, 3); see also O.C.G.A. § 9-3-33. Although Plaintiff argues the statute of limitations is tolled by O.C.G.A. § 9-3-99, he does so in his response to the Moving Defendants' motion to dismiss, not in an amended complaint or affidavit. (See Doc. 7.) Therefore, Plaintiff has not properly raised tolling under O.C.G.A. § 9-3-99. See Green, 879 S.E.2d at 682 (citation omitted). And because Plaintiff has not shown the two-year statute of limitations has been tolled, the Court finds Plaintiff's claims against the Moving Defendants are time barred and must be dismissed. See Toliver, 896 S.E.2d at 716 (citation omitted). As such, the Moving Defendants' motion to dismiss (Doc. 5) is **GRANTED**.

7

### III. REMAINING DEFENDANTS

Defendants Deputy Lamborn, Deputy J. Guay, Deputy Michael Gay, Deputy Martin, and Deputy Mickel (collectively, the "Remaining Defendants") have not yet appeared, and the record does not indicate they have been properly served. Plaintiff filed this action on September 15, 2023; thus, the initial deadline to serve the Remaining Defendants was December 14, 2023. (Doc. 1); FED. R. CIV. P. 4(m). On December 13, 2023, Plaintiff filed a motion for extension of time to serve the Remaining Defendants. (Doc. 9.) Plaintiff requested additional time because, since they no longer work for the Sheriff's Department, it was difficult to locate them. (Doc. 9-1, at 1.) The Court granted Plaintiff's motion and extended the deadline to serve the Remaining Defendants to January 14, 2024. (Doc. 11.) However, as of the date of this Order, Plaintiff still has not filed proof of service of the summons and complaint, or waiver of such service, as to the Remaining Defendants. FED. R. CIV. P. 4(l); L.R. 4.3, SDGa. ("It shall be the responsibility of the plaintiff or plaintiff's attorney to effectuate prompt service of the summons and a copy of the complaint or to obtain and file a signed waiver of service in accordance with Rule 4 of the Federal Rules of Civil Procedure.").

Accordingly, the Court **HEREBY ORDERS** Plaintiff to file proof of service as to the Remaining Defendants, or in the alternative, to show cause in writing **WITHIN FOURTEEN (14) DAYS** from the date

8

of this Order why his claims against the Remaining Defendants should not be dismissed for failure to timely perfect service on them.  Failure to comply with this Order will result in dismissal of the claims against the Remaining Defendants.  See FED. R. CIV. P. 4(m).

### IV. CONCLUSION

Based upon the foregoing, **IT IS HEREBY ORDERED** that Defendants Joshua Freeman and Cpl. Eard Trimmingham's motion to dismiss (Doc. 5) is **GRANTED**.  The Clerk is **DIRECTED** to **TERMINATE** Defendants Joshua Freeman and Cpl. Eard Trimmingham as Parties to this action. Furthermore, Plaintiff is **ORDERED** to file proof of service, or in the alternative, to show cause in writing **WITHIN FOURTEEN (14) DAYS** of this Order why his claims against Defendants Deputy Lamborn, Deputy J. Guay, Deputy Michael Gay, Deputy Martin, and Deputy Mickel should not be dismissed for failure to timely perfect service on them.

**ORDER ENTERED** at Augusta, Georgia, this /6th day of May, 2024.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

9