IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
DARIUS PORTER,                   *
                                 *
     Plaintiff,                  *
                                 *
     v.                          *      CV 123-135
                                 *
JOSHUA FREEMAN, DEPUTY           *
LAMBORN, DEPUTY J. GUAY,         *
DEPUTY MICHAEL GAY, DEPUTY       *
MARTIN, DEPUTY MICKEL, AND       *
CPL. E. TRIMMINGHAM,             *

     Defendants.
```

**O R D E R**

Before the Court is Plaintiff's motion to reconsider the Court's May 16, 2024 Order (Doc. 13) granting Defendants Joshua Freeman and Cpl. Eard Trimmingham's motion to dismiss. (Doc. 14, at 1.) In the alternative, Plaintiff requests leave to amend his complaint. (Doc. 14, at 4.) For the following reasons, Plaintiff's motion is **DENIED**.

**I. REQUEST FOR RECONSIDERATION**

The Court first addresses Plaintiff's request for reconsideration.

**A. Legal Standard**

While a court may reconsider a final order or judgment under Federal Rule of Civil Procedure 59 or 60, Rule 59 governs motions

for reconsideration filed within twenty-eight days of the court's order. Brown v. Spells, No. 7:11-cv-91, 2011 WL 4543905, at *1 (M.D. Ga. Sept. 30, 2011); accord Mahone v. Ray, 326 F.3d 1176, 1177 n.1 (11th Cir. 2003). Plaintiff filed his motion eighteen days after the Court's May 16, 2024 Order; thus, the Court analyzes the motion under Rule 59(e). Reconsideration under Rule 59(e) is justified only when there is: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." Schiefer v. United States, No. CV206-206, 2007 WL 2071264, at *2 (S.D. Ga. July 19, 2007). Rule 59(e) "cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (citation omitted) (alteration adopted).

**B. Discussion**

The relevant facts are set forth in the Court's May 16, 2024 Order. (Doc. 13.) In the instant motion, Plaintiff argues this Court erred when it decided under state, not federal, law that he improperly raised the issue of tolling the statute of limitations by not filing an amended complaint or affidavit. (Doc. 14-1, at 1; Doc. 13, at 7.) According to Plaintiff, while the statute of limitations for a 42 U.S.C. § 1983 suit "'is a matter [o]f state substantive law, the manner by which it is asserted and established

2

is a matter of procedure and federal principles control.'" (Doc. 14-1, at 1 (quoting J. M. Blythe Motor Lines Corp. v. Blalock, 310 F.2d 77, 78 (5th Cir. 1962)).) Plaintiff asserts that had this Court used federal law to analyze his manner of establishing tolling, it would have found the statute of limitations was properly tolled under O.C.G.A. § 9-3-99 and his claims against Defendants Freeman and Trimmingham were not time-barred. (Id. at 3.)

Even assuming Plaintiff correctly argues that federal law controls and Plaintiff properly raised the issue of tolling, this Court would nonetheless find the statute of limitations not tolled and Plaintiff's claims untimely. O.C.G.A. § 9-3-99 applies to any tort action "brought by the victim of an alleged crime which arises out of the facts and circumstances relating to the commission of such alleged crime." In such cases, the statute of limitations is tolled from the date the alleged crime or act giving rise to the tort action occurred "until the prosecution of such crime or act has become final or otherwise terminated, provided that such time does not exceed six years." O.C.G.A. § 9-3-99.

Here, Plaintiff asserts his complaint (Doc. 1) properly gave notice that his claim was tolled under O.C.G.A. § 9-3-99. (Doc. 14-1, at 3.) The complaint states that Defendant Freeman struck Plaintiff with his fist while Plaintiff was in handcuffs, and that all Defendants "violently accosted" him while he was in handcuffs

3

and "repeatedly slammed" him to the ground and against a car. (Doc. 1 ¶¶ 9, 15, 10.) The complaint does not explicitly assert these alleged actions constitute a crime. However, Plaintiff's motion for reconsideration notes that "[s]uch actions violated O.C.G.A. § 16-5-23.1 (a) and § 16-5-23," two of Georgia's criminal battery statutes for which O.C.G.A. § 17-3-1(e) prescribes a two-year statute of limitations. (Doc. 14-1, at 3.) Plaintiff argues the instant tort action "arises out of the facts and circumstances relating to the commission of" the alleged battery, so the tort claims were properly tolled. (Id.; O.C.G.A. § 9-3-99.)

Plaintiff contends this case is governed by the Georgia Court of Appeals' decision in Harrison v. McAfee, 788 S.E.2d 872 (Ga. Ct. App. 2016), instead of Toliver v. Dawson, 896 S.E.2d 714 (Ga. Ct. App. 2023), which the Court cited in its May 16, 2024 Order. (Doc. 14-1, at 3.) Harrison considered whether O.C.G.A. § 9-3-99 applies "only to claims filed against the alleged perpetrator" of the criminal act. 788 S.E.2d at 873. The court there expanded its previous interpretations of the statute, holding that it applies "regardless of whether the defendant in the case has been accused of committing the crime from which the cause of action arises." Id. While Harrison dealt with the potential defendants against whom claims could be tolled, this Court is presently concerned with the altogether different question of when "the prosecution of [the underlying] crime or act has become final or

4

otherwise terminated." O.C.G.A. § 9-3-99. <u>Harrison</u> is therefore irrelevant to the question at hand.

Plaintiff candidly concedes that if "<u>Toliver</u> controls instead of <u>Harrison</u>, there is nothing more to say and the Court is entirely correct." (Doc. 14-1, at 4.) The Court finds <u>Toliver</u> controls. In <u>Toliver</u>, the plaintiff filed tort claims on August 1, 2022, for injuries sustained in a car accident with the defendant on February 12, 2020. 896 S.E.2d at 715-16. The defendant was never cited nor prosecuted for a traffic violation, although the plaintiff, arguing O.C.G.A. § 9-3-99 tolled her otherwise untimely claim, alleged the defendant nonetheless may have committed a misdemeanor traffic offense related to the accident. <u>Id.</u> at 716-17. The two-year statute of limitations for prosecuting any such misdemeanor, however, had already passed without initiation of prosecution. <u>Id.</u> at 717-18. The Georgia Court of Appeals found dispositive the lack of prosecution and the expiration of the misdemeanor statute of limitations: "[B]ecause the time for any prosecution [of the defendant] has come and gone, and because there was never any pending prosecution nor could there be in the future, . . . the tort claim in this case is not tolled under O.C.G.A. § 9-3-99." <u>Id.</u> at 718 (citation omitted).

Here, as in <u>Toliver</u>, Plaintiff offers no evidence the Defendants who committed the alleged batteries underlying the instant tort action were ever prosecuted. Further, the alleged

5

batteries never *will* be prosecuted: the statute of limitations for any such prosecution ran on May 16, 2023, almost four months before Plaintiff filed this suit.  O.C.G.A. § 9-3-99 therefore did not toll the statute of limitations for Plaintiff's tort claims.

Because Plaintiff cites no intervening change in controlling law, new evidence, or clear error, Plaintiff's motion offers no basis for reconsidering the Court's May 16, 2024 Order.  Therefore, Plaintiff's request for reconsideration (Doc. 14) is **DENIED**.

## II. REQUEST FOR LEAVE TO AMEND

Plaintiff alternatively requests leave to amend his complaint should the Court deny his motion for reconsideration.  (Doc. 14-1, at 4.)  "A motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999) (citation omitted).  "[A] plaintiff should not be allowed to amend his complaint without showing how the complaint could be amended to save the meritless claim." United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1362 (11th Cir. 2006) (citation omitted) (alterations adopted).  Here, Plaintiff omits from his motion any indication of how he would amend the complaint if granted the opportunity.  (Doc. 14-1.)  Thus, because the motion contains neither the substance nor a copy of the proposed amendment, Plaintiff's request for leave to amend is **DENIED**.

6

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration and for leave to amend (Doc. 14) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 21ST day of October, 2024.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA